UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HECKMANN WATER RESOURCES, INC. | CIVIL ACTION NO. 14-cv-3490 |
| VERSUS | JUDGE HICKS |
| JC FODALE ENERGY SERVICES, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Heckmann Water Resources ("CVR"), Inc. ("Plaintiff") filed this civil action based on an assertion of diversity jurisdiction. As the party invoking jurisdiction, the burden is on Plaintiff to set forth the facts necessary to establish the jurisdictional requirements. The information provided in the complaint must be amended to ensure that Plaintiff has met its burden. Plaintiff is directed to file an amended complaint, seeking leave of court if required by Fed. R. Civ. Pro. 15 at the time of filing, to provide the necessary information as discussed below.

Plaintiff describes itself as a Texas corporation, but it does not allege the state in which it has its principal place of business. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir.

1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation"). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The complaint names as defendant JC Fodale Energy Services, LLC. Plaintiff describes Fodale as a Louisiana limited liability company with its principal place of business in Louisiana. Plaintiff adds that, based on information available, no member of Fodale is a citizen of Texas.

The citizenship of an LLC such as Fodale is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various

organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). The Mullins opinions make clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, are not sufficient.

Plaintiff may not have access to the citizenship information for Fodale at this time. Fodale is encouraged to voluntarily provide the necessary citizenship information to Plaintiff so that this preliminary jurisdictional issue may be resolved as quickly and efficiently as possible. If Plaintiff is unable to obtain the information voluntarily, it may seek leave of court to conduct discovery on the citizenship issues.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of January, 2015.

Mark L. Hornsby
U.S. Magistrate Judge